Morning, Your Honors. May it please the Court, Counsel, Nell Brown from the Federal Public Defender's Office on behalf of Petitioner Shorb. I'm going to attempt to reserve two minutes for rebuttal. As the magistrate judge stated when she recommended certifying this appeal, had Petitioner's post-conviction counsel filed the petition on a Friday when he both signed it and served it, this habeas proceeding would not be time barred. Instead, he mailed the petition to the state court, and it was docketed on a Monday, one day. Bad judgment on his part, right? Misconduct on his part, in my view. Friday was the due date, right? Pardon me? Friday was the due date. Friday was the due date, March 19th. So I guess when he mailed it, no, Monday was the due date. Friday was the due date. Friday was the due date. And he knew that on that date it was going to be late. When he mailed it, he hand-delivered it to opposing counsel, I think in the hopes of saving himself under the AEDPA. But when he filed on March 19th, he knew that was the AEDPA deadline, and he knew he was trying to meet it. So when he mailed it on the due date, I mean, he knew it was not going to be timely filed. Correct. I mean, he should have known. Yes. No, he knew. He could have filed it in person or had it filed in person, correct? Correct. He should have. Well, wait a minute. He was obligated to. What did he say? What did he say in person? Wasn't it across the state? Correct. But he... Well, so he should... Well, he should drive... He should have, yes. How long does it take? Six or eight hours? Correct. Yes. Ever heard of email and cooperating counsel to do things when you need something filed in court on that day? I mean, that's what all he needed, right? That is all he needed. He was an attorney who had told his client he would file on that day. He set out to do that. He led his client to believe it was getting done. And instead of getting to the courthouse door in time, he mailed it from his office in Portland. And that's not good enough. The unfortunate thing is that we have lots of cases that are one day late. And the sad answer in those always is that we're sorry we really can't extend the date. And here, we don't have a situation of necessarily prison malfeasance or even the petitioner for doing anything wrong. We have garden variety negligence, don't we? I don't believe we do, Your Honor. Why not? Under Holland, professional misconduct may constitute an extraordinary circumstance warranting tolling. Wait a minute. Don't you think almost every, you know, one day late error in filing fits that definition of professional misconduct? In other words, the lawyer knows, like in this case, the lawyer knows what he or she is doing. That's true. The focus of the analysis should be on the attorney's ethical duties. He made a promise to his client that he would file. The client reasonably relied on that promise. And he breached his duty. But that's true in every, you know, what Judge McKeown calls one day late cases. And there are lots of them. As this Court held in Luna, or stated in Luna. But wait a minute. Isn't it true in all those cases? What I was going to say. Or the vast majority of those cases? That one day late is the petitioner's out of luck? I think it depends on the court. No, no, no. That it's known professional misconduct. In Oregon, it is sanctionable misconduct to cause your client to miss a deadline. So what's extraordinary about that? The extraordinary situation here under Luna, Doe v. Busby, the Dillon case, which is in the Second Circuit, but which Luna cited with approval, is that affirmatively misleading your client to believe you're going to file on time, and then not doing so. Here at the 11th hour, when Mr. Shorb had absolutely no knowledge that he needed to step up and do anything himself, or any wherewithal, because it was literally the last minute, that is an egregious circumstance warranting tolling. When did he send the document to his client for signature? Do we know? I think the record is silent on when he sent it to him. Mr. Shorb signed the document on the 15th of the month. Four days. Four days earlier. So he sent it to him. Counsel in his — this is the same attorney that files the post-conviction petition, files the appeal, and files the Federal habeas petition. So in the habeas petition, he explains the delay as the fault of the prison system, the prison mail system taking too long. But in fact, it's really — that is a problem, obviously, but the attorney should have foreseen that. It's his obligation to get this document to his client to be signed and then to get it to the court. So why isn't that? We don't know that he got it only on Friday, right? That the attorney got the document only on Friday? Right. We don't know what day he got it back from Mr. Shorb. Mr. Shorb signed it in Malheur County at the prison on the 15th. And the attorney got it back at least by the 19th because he had it in order to mail it. I thought he said he received it on the 19th. Am I mistaken? I don't know that it says he received it. I don't know that we have a record of that. I don't know that. We know that he did have it by the 19th because he's able to mail it out at that point. A reasonable attorney to meet his ethical obligations would have driven to Malheur County well before the deadline, had his client signed this document and filed it at the courthouse that same day. The client is in the district, obviously, where the courthouse is. So he could have made a single trip. This isn't a situation where the attorney was unable to fulfill his ethical duties. He just didn't do what he needed to do. And like I've said, this — as Luna says, a number of circuits, including ours, have held that affirmatively misleading a petitioner to believe that a timely petition has been or will soon be filed can constitute egregious professional misconduct. I didn't note this in my briefing, but Luna cites the Dillon case from the Second Circuit, which I discuss in my reply at page 6. Dillon is a one-day late case. Like this case and like Holland and like Luna and Doe, there is an affirmative representation, an understanding between attorney and client. Here, a retained attorney who's being paid by a prisoner who's in custody without the ability to do this work himself, or at least not as easily. There's a promise. I'm going to file this document on time. There's an attempt by counsel to do so on the 19th. I think counsel's hand-delivering it to the other side is indicative of counsel's knowledge that he's screwing this up. Mr. Shorb is entitled to reasonably rely on his attorney. He's diligent in this case because he has had a conversation with his lawyer. He expects him to do this. The lawyer said he'll do it. And Mr. Shorb is reasonably waiting for that to happen. I don't view this as an abandonment case, but another way to look at it is as a temporary abandonment. At the 11th hour when Mr. Shorb has no ability to recover and act on his own behalf, the attorney drops the ball. And that temporary abandonment could be viewed as severing the attorney-client relationship in that moment, which, obviously, abandonment is a grounds for equitable tolling. If the court doesn't believe the inferences that I'm discussing can be drawn from the record, but that these facts would make a difference, I think the court could remand for an evidentiary hearing to further develop the facts. Did you ask the district court for an evidentiary hearing? We didn't get an evidentiary hearing, no. We didn't ask for one. Did you ask for one? No. What facts would you develop at an evidentiary hearing? What's not in the record here is the, well, the testimony of counsel, but his correspondence and his log notes, which I do have and which would basically explain that he calendared the March 19th date. He told his client he needed to file by that date under the AEDPA, using the AEDPA words, that he wrote letters to his client saying they were on track to delulling his client into a belief that he didn't need to act because his attorney was going to take care of this. So I think those inferences are all clear from counsel's actions filing on the 19th, delivering to the opposing counsel. But I think we could clarify that record with correspondence and log notes from the attorney. No. If you look at Luna, it kind of lays out the law, which I know you're all familiar with, but it basically says, run-of-the-mill mistakes by one's lawyers that cause the filing deadline to be missed do not rise to level extraordinary circumstances. And there's an 11th Circuit case and others filing by ordinary mail before the deadline expired, et cetera. Luna was, the lawyer didn't file for six years. That's pretty extraordinary. And there was this whole series of correspondence and misrepresentations. So it's hard to compare Luna with this case. Do you have any other case that you think is the closest, or the lawyer simply messed up on the one-day filing? I think the Dillon v. Conway case from the Second Circuit is probably the closest case factually. I think this Court's decision in Doe v. Busbee is also pretty similar. I'm out of time. So I had intended to reserve time for rebuttal, but now I'm counting. I'll give you a minute for rebuttal. Okay. Thank you, Your Honor. May it please the Court and Counsel, Christopher Perdue on behalf of the Superintendent. This Court should affirm an attorney's failure to mail a petition on time is not the kind of extraordinary circumstance that warrants equitable tolling. And I think, Judge McKeown, your questions about Luna and the cases at site, including the Sandvik case out of the Eleventh Circuit, point the Court in the right direction. The failure to mail a petition on time or to mail it on the last day of a filing period is an example of ordinary negligence. To be sure, it's an unfortunate result, but that is the result of a deadline itself. To talk a little bit about the cases on which Petitioner relies, Petitioner relies on two cases, Dillon and Luna, primarily. The facts in those cases differ from the facts here as far as the record is developed. In this record, we don't have representations from the attorney about what he was telling Petitioner. In Dillon, by contrast, we have a record showing that both Petitioner and I believe   And in Luna, Petitioner was making frequent communication with the attorney, asking him not to wait until the last day, asking for guarantees that he would not wait until even the last few days. What happened was that the attorney led them to believe that he would file it on time and didn't do so, filed late by a day. Well, she seems to say the same thing took place here. It's not in the record yet here. Well, she's suggesting that that's what happened. Well, I mean, to the extent that her suggestions are saying that the lawyer led the client to believe that it was going to be filed on time. Well, I think it would depend on the particular facts, which simply weren't submitted at the point that the magistrate took this case under advisement. All we knew from the record at the point it was taken under advisement is that on March 15th. Well, let's assume for a minute that the records, his log notes or correspondence would show that he said, we're on track, going to get this filed, don't worry. I think. Just sign this certificate of whatever they have to sign. Send it back and we'll get it filed. Well, Judge Price, that would make our case more difficult because it would make it look a little bit more like the Dillon case. It wouldn't make it look much like the Luna case because, as Judge McKeown pointed out, that involved misrepresentations over a series of six years. But I suppose I would return to the point that at bottom this is an instance of ordinary negligence. Well, in Dillon, they're actually telling him, you know, and he's saying I'm not going to wait until the last minute so that we won't find ourselves in any gaps. So there's this correspondence which leads to the question of should the case be remanded to see whether those facts exist? Your Honor, Petitioner would be entitled to an evidentiary hearing if he made good faith allegations that, if true, would entitle him to equitable tolling. That's my understanding of the rule in this circuit. The allegations, so far as I can discern them in the petition itself and in some of the arguments that were made in support of the petition, allege merely that the Petitioner's counsel failed to mail it on time. They don't allege, more particularly, that the Petitioner's counsel undertook an ongoing course of misrepresentation or deception that would be on a par with Dillon. So if those allegations control, I think they're not sufficient. If this Court is willing to interpret the allegations more liberally in light of the issue, concededly, would be close. You know, that might just be, it's always a heartbreak to miss a deadline when it's your lawyer's fault. Especially by one day. Yeah. Usually, often it is the prisoner dilly-dallies or, you know, we have all kinds of reasons. I couldn't go to the library and you have to figure all that out, but he did everything he was supposed to do and he mailed it enough in advance that we know it was in the lawyer's hands. So I assume the State wouldn't be heartbroken if there's a hearing and the facts fall where they may, right? I can't speak to the heartbreak of the trial attorney below. But you have that privilege. You can. But, well, I will say I understand the rule in this Circuit is that if there are good faith allegations, that if true and entitled the Petitioner to equitable tolling and evidentiary hearing would be appropriate. Our position, while perhaps not exactly welcoming an evidentiary hearing, is that so far as we know, the allegations made in the petition itself right now and made in the initial proceedings were not sufficient to warrant an evidentiary hearing. I mean, the pity in these cases, unlike a normal civil case, is that your malpractice case doesn't net you anything, because basically you have to have a whole trial on whether your habeas petition would have been granted and that sort of thing. So it seems that he doesn't really have any remedy now. Is that right? I mean, any practical remedy. Against his attorney, you mean? Well, he might, but that's not a very realistic remedy of getting any relief. I suppose I can't disagree that Petitioner's most meaningful remedy would be Federal review of his claims. But I would return to the point that so far as we know, as alleged, this involves ordinary negligence, and that's simply not enough to warrant equitable tolling. Thank you. We ask this Court to affirm. Unless this Court has any further questions?  Thank you. You have a minute. Thank you, Your Honor. I appreciate it. I would just say first, in response to the question Your Honor asked before my time ran out, Luna is different in that it's a six-year period, but a misrepresentation by an attorney. I promised to file this on time, and a breach of that promise is the same whether it occurs over a couple of months or over six years. The fact is here the attorney said he'd file, and he didn't do it. The other side in this case has never controverted the inferences that we draw from the record. Are you saying that, as Judge McKeon suggested, if this case is a return for an evidentiary hearing, are you saying that you can deduce evidence that the attorney made those kinds of promises for, what did you say, several months? Yes. He was retained in the end of the fall of 2009, and the filing was made in March of 2010. So it's not an incredibly long period where counsel is making promises, affirmative representations. We will file this by the 19th. He actually calendars a month before and says, I'll aim to file it a month early so we won't have to worry about the deadline. Those would be facts that we would prove up at an evidentiary hearing. That's not clear from the current record. And you think making that kind of representation is sufficient to amount to, what, some kind of professional misconduct? Absolutely, yes. Well, I mean, that's, you know, isn't that the ordinary thing? A lawyer says, a client comes into the office and, sure, I'll do the work on time. That's all he's saying, isn't he? I mean, that's enough. He's saying, I'll file on time to preserve your right to federal habeas corpus. Count on me. I'll get it done. And then he doesn't get it done. That kind of professional misconduct is. What rule does that violate? Can you cite me a rule? A rule? The rule is the duty of diligence in Oregon. And on page 10 of my reply, I cite a number of Oregon Supreme Court cases where attorneys have been suspended from practice for violating the duty of diligence. So general, all right, duty of diligence. All right. Thank you, Your Honor. But at least you have that much, you know, proof you can deduce. Absolutely. All right. Thank you. Thank you, Your Honor. Thank you. Thank you both for your argument this morning. Schor v. Knuth is submitted.
judges: Tashima, McKeown, Paez